■ In the Matter of EILEEN WARNER, Appellant, v TEACHERS' RETIREMENT BOARD OF THE CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered on September 9, 1976, dismissing petitioner's article 78 proceeding by which she challenges respondents' determination denying her application for ordinary disability retirement, reversed, on the law, without costs and without disbursements, and the petition granted to the extent of remanding the matter to respondents for reconsideration after such further physical and psychological re-evaluation of petitioner as may be indicated by all the surrounding circumstances. The statement by Dr. Schneider that the history of the petitioner suggests an emotional instability, which could be responsible for her disability, leads us to the conclusion that a complete over-all re-examination should be made of the petitioner in order to check out Dr. Schneider's suspicions. This is necessary because his suspicions are consistent with the claim of petitioner that she is disabled. Whether the disability is psychosomatic or not, she might very well be unable to discharge her duties. That is the question to be answered. On the present state of the record we have serious doubts as to whether sufficient is shown to justify the conclusion reached by the respondents. Fairness and discretion dictate that this matter be remanded for complete reconsideration, as above indicated. Nor does it matter, as the dissenter seems to stress, that petitioner herself avoided making a claim of *psychological* disability. Her reasons for so doing are of no moment. If there was a basis for the examining physician's comment—"gratuitous" or not— that a psychological, rather than the physical, disability existed, it would

appear to have been his professional duty to have pursued the examination further by referral to a qualified specialist in the field. A search for truth is not to be as narrowly limited as the dissent suggests. Concur—Markewich, J. P., Murphy and Capozzoli, JJ.; Lupiano and Nunez, JJ., dissent in part in the following memorandum by Lupiano, J.: Lupiano, J. (dissenting in part). While I concur in the majority view that this matter be remanded for reconsideration after further physical re-evaluation of petitioner, there is no basis in the record warranting psychological evaluation. Petitioner, a school teacher, applied for physical disability retirement by reason of degenerative lumbar disc disease. Her application was denied on November 7, 1975, which denial was reaffirmed on February 23, 1976, after reconsideration based on an examination by an orthopedic specialist designated by the respondent medical board of the teacher's retirement board. In her petition in this article 78 proceeding, petitioner *solely* alleges that as a result of her physical condition, to wit, a "bad back", she applied for and is entitled to physical disability retirement. She notes that the orthopedic specialist to whom she was referred by the medical board in his report found that petitioner's "treating physician's diagnosis of chronic lumbar degenerative disease is not borne out by the radiographic study of the spine submitted to [the orthopedic specialist]." Petitioner then notes the gratuitous comment by the orthopedic specialist in his report that her disability, if any, is due to emotional instability. Nowhere in the petition is it urged that petitioner is entitled to retirement for disability on psychological grounds. Other than the gratuitous statement by the orthopedic specialist (not a psychologist or psychiatrist) there is no basis in the record for raising the spectre of whether petitioner is competent to continue teaching because of an emotional or mental condition. Certainly, petitioner does not urge entitlement to relief on grounds of her emotional and mental state, and respondents do not urge these grounds as the basis for the denial of her application for physical disability retirement. Awareness that petitioner may desire to pursue a career in her chosen occupation or in related fields of endeavor, impels the conclusion that the spectre of emotional or mental instability should not be foisted upon her *solely* because of a gratuitous comment. Of course, should petitioner or respondents desire to urge the ground of disability based on the psychological condition of petitioner, a new set of circumstances is invoked which may well warrant evaluation of petitioner in this regard. However, on the instant record and the circumstances delineated therein, it is improper, in my opinion, for this court to compel the parties to, in effect, treat petitioner's application as one seeking disability retirement based on petitioner's emotional or mental state. Finally, in direct response to the unwarranted assumption voiced by the majority that my views as expressed herein suggest a narrow limiting of the search for truth, I unequivocally declare that the law should always and primarily be concerned with the search for truth. However, this search is circumscribed with procedural and substantive safeguards, the propriety and relevance of which have been time-tested. Invocation of the canon, the search for truth, may not serve as a talisman to justify an otherwise unwarranted imposition on litigants.